IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM MARK SULLIVAN, Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:12-CV-844-Y |
| DAVID WALKER, Sheriff, Wise County, Texas, Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

B. PARTIES

Petitioner William Mark Sullivan, Prisoner I.D. No. 74557, is a pretrial detainee presently confined in the Wise County Jail pending criminal charges in state court.

Respondent David Walker, is the Sheriff of Wise County.

C. FACTUAL BACKGROUND

Petitioner was indicted, and is awaiting trial, for failing to register as a sex offender in the 271st District Court of Wise County, Texas, in cause number CR16653. (Pet. at 2-3; Resp't App., Ex. H) In this federal habeas petition, he raises one ground, wherein he claims his bail of $250,000 is excessive.[1] (Pet. at 5) He seeks a bond reduction to $2,500 or release on his own recognizance. (*Id.* at 7)

D. LEGAL ANALYSIS

Respondent asserts the petition should be denied because petitioner has not exhausted his state court remedies. A state pretrial detainee is entitled to raise his claim(s) in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Second, the petitioner must have exhausted his available state remedies. *Dickerson*, 816 F.2d at 224. Because petitioner remains incarcerated in the Wise County Jail on the pending criminal charges, he is clearly "in custody" for purposes of § 2241. Thus, the issue is whether he has exhausted his state court remedies.[2]

---

[1] In petitioner's reply he raises new claims for the first time. Under the orders of the court and the rules governing habeas actions, petitioner cannot raise new claims in reply to the respondent's answer. Consequently, only the claim specifically raised in the petition is considered.

[2] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any

(continued...)

Federal habeas relief is reserved for the vindication of federal constitutional rights. *See Manning v. Blackburn*, 786 F.2d 710, 711-12 (5th Cir. 1986). In order to exhaust, a state petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Additionally, the petitioner must present his claims in a procedurally proper manner to that court. *Deters*, 985 F.2d at 795. A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Id.* at 795. Accordingly, absent "exceptional circumstances," in Texas, all claims must be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review [3] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See id.*; *Procunier*, 762 F.2d at 432; *Feist v. Scott*, 885 F. Supp. 927, 930 (E.D. Tex. 1995); *see also Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally); *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995) (noting that petitioner who seeks to pursue issue that he failed to raise on direct appeal, must use available state collateral procedures to satisfy exhaustion requirement).

---

(...continued)
constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Clark*, 2001 WL 1631538, at *3. In *Braden*, the United States Supreme Court reiterated that absent "special circumstances," the "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Braden*, 410 U.S. at 493.

[3] Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* TEX CODE CRIM. PROC. ANN. arts. 11.07-11.09 (West 2005 & Supp. 2012).

Applying the exhaustion doctrine to this case, petitioner has not demonstrated that he has satisfied the exhaustion requirement. The undersigned gleans from the record that sometime before July 27, 2012, petitioner made a pro se, "oral" motion for state habeas relief and bond reduction in the trial court, while represented by court-appointed counsel. (Resp't App., Ex. K) Thereafter, petitioner filed a petition for writ of mandamus in the Second Court of Appeals of Texas to compel the trial court to hold a hearing on his pro se motion, which was denied July 27, 2012, on the grounds that petitioner was represented by counsel and not entitled to hybrid representation. (Resp't App., Ex. K) On August 6, 2012, appointed counsel was permitted to withdraw, and petitioner proceeded pro se. (*Id.*, Ex. I) At some point thereafter, petitioner filed a second petition for writ of mandamus in the court of appeals to compel the trial court to hold a hearing on his pro se motion, which was denied on the grounds that the trial court clerk had no record of petitioner filing a habeas application in the trial court, and, even if he had, the trial court had no duty to rule on the application while petitioner was represented by counsel.[4] (*Id.*, Ex. K) On September 24, 2012, the trial court denied petitioner's pro se motion. (Resp't Reply at 4; Resp't App., Ex. J)

Clearly, petitioner has not yet presented his claim in a procedurally correct manner to the state's highest court. Nor has he shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective. Accordingly, pretrial habeas interference by this court in the normal functioning of the state's criminal processes is not authorized, and petitioner is not entitled to seek federal habeas corpus relief at this time. *See Braden*,

---

[4]The court of appeals noted, "[t]his would not apply, however, to any future pro se petitions or motions because relator is no longer represented by counsel." The office of the undersigned magistrate judge was informed through telephonic communication with the Wise County Clerk's Office on this date that petitioner has not filed any such pro se petition or motion in the trial court.

410 U.S. at 493. This petition should be dismissed without prejudice subject to his right to seek federal habeas corpus relief after the state proceedings are concluded.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 26, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 26, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 5, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE